IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| BRONISLAVA KOSMAS, et al., | |
| Plaintiffs, | |
| v. | CIVIL NO. 98-2330 (RLA) |
| SAN JUAN GRAND BEACH RESORT, et al., | |
| Defendants. | |

## MINUTES OF SETTLEMENT CONFERENCE
## HELD ON MARCH 17, 2000 AND
## SCHEDULING FURTHER SETTLEMENT CONFERENCE

At the SETTLEMENT CONFERENCE held on March 17, 2000 from 2:30 p.m. to 3:00 p.m. plaintiffs were represented by HERMAN W. COLBERG, ESQ. Defendant, SAN JUAN GRAND, was represented by IVAN FERNANDEZ, ESQ. and third-party defendant, J.P. CONSTRUCTION, by VIVIAN DURIEUX, ESQ.

All parties agree on the facts surrounding the accident, i.e., plaintiff BRONISLAVA KOSMAS, tripped over a piece of wood covering a hole in an area under construction at the entrance to the Hotel. They disagree, however, on the extent of the damages sustained by plaintiff and who is the party responsible for those damages. The Hotel contends that J.P. CONSTRUCTION is accountable since it was remodeling the area. The contractor, on the other hand, claims that the Hotel is liable because it failed to provide adequate lighting and 24-hour vigilance to the area pursuant to the terms of the





AO 72A
(Rev.8/82)

CIVIL NO. 98-2330 (RLA) Page - 2

contract. Further, according to the contractor, the area was not ready because the Hotel inaugurated the facilities earlier than planned. Defendant and third-party defendant advised that they would dispose of plaintiff's claim and subsequently resolve the issues between them.

Defendant advised that it was not in a position to respond to plaintiffs' settlement demand. The Hotel indicated that it was still waiting for DR. NAZARIO's report, their expert witness who had examined plaintiff. Counsel for the defendant explained that it was impossible at this time to determine whether part of plaintiff's damages were attributable to a prior knee condition, i.e., knee replacement. There is no expert opinion available at this time establishing the percentage of plaintiff's impairment, if any.

A FURTHER SETTLEMENT CONFERENCE was scheduled for **April 7, 2000 at 4:00 p.m.** in order for the parties to have the benefit of the physician's report. The parties were instructed to contact the chambers of the undersigned to verify where the Conference will be held.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 21 day of March, 2000.

RAYMOND L. ACOSTA
United States District Judge